UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHARLENE SUE KOWALSKI | ) | CASE NO. 20-40648-pwb |
| | ) | |
| DEBTOR. | ) | |

**MOTION TO REOPEN BANKRUPTCY CASE**

Mary Ida Townson, United States Trustee for Region 21, moves the Court to reopen this case and direct the United States Trustee to appoint a trustee who can an investigate and, if appropriate, administer unscheduled assets that were property of the estate and that were not abandoned by the chapter 7 trustee.

### Course of Proceeding

1. Charlene Sue Kowalski (the "Debtor") commenced this case on March 17, 2020 by filing a petition for relief under chapter 7.

2. Thomas D. Richardson was appointed and served as chapter 7 trustee ("Trustee Richardson").

3. On May 7, 2020, Trustee Richardson held and concluded the section 341 meeting. On May 8, 2020 Trustee Richardson filed a report of no distribution based on information known to him at that time.

4. On July 13, 2020 the Court granted a discharge to the Debtor and closed the estate.

5. On July 21, 2022, a representative of Archer Systems, LLC ("Archer") contacted Trustee Richardson regarding a personal injury settlement that had been offered to Charlene Sue Kowalski (the "Claim"). Specifically, the Archer representative reported that Charlene Sue Kowalski had "been offered a gross personal injury settlement of $106,422.00 for damages and

1

additional pro-rata amount of $13,180.78, related to a product liability claim against a product manufacturer for the physical injuries caused as a result of alleged exposure to the product, diagnosed on 1/1/2004."

6. The Claim was not listed on the Debtor's schedules and, upon information and belief, was not otherwise disclosed to Trustee Richardson during the pendency of the bankruptcy case.

### The Personal Injury Claim

7. Upon information and belief, Debtor was diagnosed with severe medical condition directly caused by glyphosate-based herbicides.

8. "In 2015, the World Health Organization's International Agency for Research on Cancer published the results of a year-long study that concluded there is an association between glyphosate-based herbicides and [non-Hodgkin's lymphoma] (the 'WHO Report')." *In re Burris*, 09-78161-jwc, 2022 WL 1131950 at *2 (Bankr. N.D. Ga. Apr. 15, 2022).

9. Upon information and belief the Debtor retained the Holland Law Firm to investigate and prosecute any claims for injuries and damages arising out of Ms. Kowalski's use or exposure to glyphosate-based herbicides manufactured by Monsanto.

10. Upon information and belief the Debtor has accepted a settlement offer in the amount of $119,602.78, which included both a base amount and additional compensation from an established injury fund.

### Property of the Estate

11. Property of the estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(A)(1). Congress intended the estate to include a broad range of property. *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983).

12. Property of the estate that was scheduled under section 521(a) that is not otherwise administered during the case is deemed administered and abandoned to the debtor at the time the case is closed. 11 U.S.C. § 554(c). Property of the estate that was not scheduled and that is not administered remains property of the estate. 11 U.S.C. § 554(d).

13. The legislative history of section 541 indicates that property of the estate includes causes of action existing at the time of the commencement of the bankruptcy case. *Miller v. Shallowford Community Hospital, Inc.*, 767 F.2d. 1556, 1559 (11th Cir. 1985).

14. The estate includes claims for injuries to a person and any post-petition settlement proceeds stemming from a prepetition cause of action. *In re Davis*, 10-24836-JRS, 2018 WL 2223076, at *2 (Bankr. N.D. Ga. May 15, 2018) (citing *Bronner v. Gill (In re Bronner)*), 135 B.R. 645, 647 (B.A.P. 9th Cir. 1992), *Wischan v. Adler (Matter of Wischan)*, 77 F.3d 875, 877 (5th Cir. 1996).

15. "The question of whether a debtor's interest in property is property of the estate is a federal question, but the definition of property and issues about the nature and existence of the debtor's interest, are issues of state law." *Bracewell v. Kelly (In re Bracewell)*, 454 F.3d 1234, 1243 (11th Cir. 2006). "[W]e look to state law to determine when a claim arises, and if it arises on or before the commencement of the bankruptcy case, it is part of the bankruptcy estate. *Id.* at 1242.

16. Georgia's "discovery of harm" rule does not apply in determining a bankruptcy estate's ownership of a claim. *See In re Davis*, 2018 WL 2223076, at *2. "Discovery is relevant to the determination of when the statute of limitations begins to run, but it is not an element necessary for the cause of action to accrue for purposes beyond the statute of limitations." *Matter of Swift*, 129 F.3d 792, 798 (5th Cir. 1997). In determining whether a cause of action has accrued

3

for purposes of being property of the estate, the time of discovery of the injury is not relevant because "a cause of action can accrue for ownership purposes before the statute of limitations for that cause of action has begun to run." *In re Alvarez*, 224 FF.3d 1273, 1276 n. 7 (11th Cir 2000).

17. "[T]he true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result." *U–Haul Co. v. Abreu & Robeson*, 247 Ga. 565, 566, 277 S.E.2d 497 (1981). In a personal injury case, "a cause of action accrues when exposure to the hazard first produces ascertainable injury." *Everhart v. Rich's, Inc.*, 229 Ga. 798, 802, 194 S.E.2d 425 (1972).

18. In *In re Webb*, 484 B.R. 501 (Bankr. M.D. Ga. 2012), the debtor was diagnosed with congestive heart failure pre-petition with the cause being unknown to the debtor at time he filed. *Id.* at 502. Subsequent to his discharge, the debtor saw a commercial which linked a medication he took to congestive heart failure. *Id.* The trustee filed a motion to reopen the case to administer proceeds from a settlement the debtor received as a result of his taking the medication and being diagnosed with congestive heart failure. *Id.* The Court reopened the case after ruling that all the elements of the product liability claim, except for knowledge of cause, occurred pre-petition, and therefore, the claim accrued pre-petition and was estate property. *Id.* at 505.

19. It appears the Claim is property of the estate because the debtor had a cognizable interest in the Claim at the moment the petition was filed. *In re Alvarez*, 224 F.3d 1273, 1276 (11th Cir. 2000). Specifically, been offered a gross personal injury settlement of $106,422.00 for damages and additional pro-rata amount of $13,180.78, related to a product liability claim against a product manufacturer for the physical injuries caused as a result of alleged exposure to the product, diagnosed on 1/1/2004."

**Motions to Reopen**

20. Bankruptcy Code section 350 authorizes the Court to reopen a case to administer assets, to accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b).

21. Rule 5010 provides that a case may be reopened on motion of a party in interest and that a trustee shall not be appointed by the United States Trustee unless the Court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case. Fed. R. Bankr. P. 5010.

22. The United States Trustee is a party in interest and may raise and may appear and be heard on any issue in any case or proceeding under title 11. 11 U.S.C. § 307.

23. "Although a motion to reopen is addressed to the sound discretion of the bankruptcy court, the court in fact has a duty to reopen the estate whenever there is proof that it has not been fully administered." *In re Upshur*, 317 B.R. 446, 451 (Bankr. N.D. Ga 2004). Generally, the Court should grant a motion to reopen a case to add an unscheduled claim "to allow the trustee to make a decision whether to pursue the asset for the benefit of creditors or whether it is of limited value and should be abandoned back to the debtor…" *Id*. at 454.

24. Motions to reopen are administrative in nature and may be considered ex parte, without notice or hearing. 11 U.S.C. 350(b). Fed. R. Bankr. P. 5010 and 9013. "[T]he reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." *In re Menk*, 241 B.R. 896, 913 (9th Cir. BAP 1999).

25. The United States Trustee requests the Court reopen the case and direct the United States Trustee to appoint a trustee who can investigate and, if appropriate, administer the Claim

and any unscheduled assets that were property of the estate and that were not abandoned by the chapter 7 trustee.

26.\quad Pursuant to the Bankruptcy Court Miscellaneous Fee Schedule, the United States Trustee should not be charged with the fee for reopening this case.

WHEREFORE, the United States Trustee moves the Court to reopen this case and direct the United States Trustee to appoint a chapter 7 trustee.

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

_____/s/_____
Vanessa A. Leo
Georgia Bar No. 410598
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(202) 567-1504
Vanessa.A.Leo@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Motion to Reopen Case* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case filing program.

    Office of the United States Trustee    ustpregion21.at.ecf@usdoj.gov
    Thomas D. Richardson    trichardson@brinson-askew.com, tdr@trustesolutions.net;Tdr82454@gmail.com;ctdr11@trustesolutions.net
    Dan Saeger    dan@whitfieldcountylaw.com, G64511@notify.cincompass.com

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid, on the following party at the address shown.

Holland Law Firm
211 North Broadway
Suite 2625
St. Louis, MO 63102

Archer Systems
1775 St. James Place
Suite 200
Houston, TX 77056

Charlene Sue Kowalski
663 Sumach Church Rd
Chatsworth, GA 30705-6109

                                                      */s/*
                                    Vanessa A. Leo
                                  Georgia Bar No. 410598
                                  United States Department of Justice
                                  Office of the United States Trustee
                                  362 Richard B. Russell Building
                                  75 Ted Turner Drive, SW
                                  Atlanta, Georgia 30303
                                  (202) 567-1504
                                  Vanessa.A.Leo@usdoj.gov